By the Court.

There is in this will no devise to the widow of any portion of the real estate of the testator, within the meaning of the act of assembly, so as to put the widow to her election between the dower and the estate devised. The bequest is of personalty, and may be exclusively satisfied out of the personal estate. It is a bequest of the interest of $3,000, to secure the payment of which a fund is set apart out of the testator’s “estate;” but as to the real estate, no portion of that is devised to the widow, nor could she get any portion of it in case she should prefer the bequest in the will to her dower. The title to dower is an interest in the realty; it is a right to have a third part of the lands, &c., specifically laid off, and our intestate act requires that it shall be always laid off. The law not only favors dower, but dower in this particular form; in the shape of land or real estate as a more permanent and safer provision for the widow. It is most probable then, that when the legislature provided that in case the testator should “devise to his wife any portion of his real estate,” it should be taken to be in lieu of dower, they meant precisely a divise of the real estate, a provision for the widow in kind like that which the law so much favors and prefers; and that they did not mean a mere pecuniary bequest of a legacy, though the proceeds of the land might be called in to secure payment of such legacy.
The question is not now whether there is such a repugnance or conflict between the legacy, and the subsequent direction to sell the land in part for securing the legacy, as will on general principles require the widow to carry out the will in whole or abandon all her interest under it; but it is simply upon a construction of the act of 1816, whether this will contains any devise to the wife of any portion of the real estate of the testator, such as by the third section of that law is to be taken per se in lieu and bar of dower, as if the same were so expressed. We think it does not, and that the decree of the Orphans’ Court ought to be affirmed.
Decree affirmed.